IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LORI JOANNE WEBB, : | |
| : | |
| Claimant, : | |
| : | |
| v. : | CASE NO. 3:11-CV-103-CDL-MSH |
| : | Social Security Appeal |
| MICHAEL J. ASTRUE, : | |
| Commissioner of Social Security, : | |
| : | |
| Respondent. : | |
| _____ | |

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for disability benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. ▪ 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F. 3d

1206, 1210 (11th Cir. 2005) (internal quotation marks omitted).  The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1]  *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005).  It must, however, decide if the Commissioner applied the proper standards in reaching a decision.  *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).  The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it.  *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work.  *Jones v. Bowen*, 810 F.2d 1001 (11th Cir.1986).  The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.  *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).  A claimant seeking Social Security disability benefits must demonstrate that he/she suffers from an impairment that prevents him/her from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. § 423(d)(1).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the

---

[1] Credibility determinations are left to the Commissioner and not to the courts.  *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991).  It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence.  *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4).  First, the Commissioner determines whether the claimant is working.  *Id.*  If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities.  *Id.*  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.*  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing").  *Id.*  Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work.  *Id.*  Fifth and finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work.  In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling.  *Id.*  The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal.  *Id.*

## ISSUES

**I.     Did the ALJ err in failing to properly weigh the medical opinion evidence?**

**II.    Did the ALJ err in failing to properly evaluate Claimant's credibility?**

**III.    Did the ALJ err in relying upon flawed testimony by the Vocational Expert?**

### Administrative Proceedings

Claimant applied for Social Security Disability Benefits (SSD) on June 26, 2006, alleging disability as of February 1, 2005, due to panic attacks, bi-polar disorder, depression, and anxiety.  (Tr. 123; ECF No. 8-6.)  Claimant's applications were denied, and Claimant timely requested a hearing before an Administrative Law Judge (AALJ@.  The Claimant appeared before an ALJ for a hearing on January 29, 2009, and following the hearing, the ALJ issued an unfavorable decision on March 9, 2009.  (Tr. 11-23.)  The Appeals Council ultimately denied Claimant's Request for Review on June 3, 2011.  (Tr. 1-4.)  This appeal followed.

### Statement of Facts and Evidence

After consideration of the written evidence and the hearing testimony in this case, the ALJ determined that Claimant had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 16.)  The ALJ then found that Claimant had affective disorder, which was determined to be severe.  (*Id.*)  The ALJ then determined that Claimant's severe impairments did not meet or medically equal, either individually or any combination, any one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id*. at 17.)  The ALJ next found that Claimant had the residual functional capacity (RFC) to perform a limited range of light work.  (Tr. 18.)  The ALJ determined that Claimant could not perform her past relevant work, but that there were jobs that

existed in significant numbers in the national economy that she could perform. (*Id.*) Thus, the ALJ concluded that Claimant was not disabled.

## DISCUSSION

**I.     Whether the ALJ erred in failing to properly weigh the medical opinion evidence.**

Claimant first argues that the ALJ erred in failing to properly weigh the medical opinions provided by her treating psychiatrist and a consultative examiner. (Cl.'s Br. 8, 15; ECF No. 9.) Specifically, Claimant contends that the ALJ's improperly rejected the opinions of her treating psychiatrist, Dr. Meliste, and failed to indicate what weight, if any, he gave to consultative examining psychologist, Dr. Hamby. (*Id.*)

It is well settled that the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding it. *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985). A treating physician's report may be discounted when it is not accompanied by objective medical evidence or when it is conclusory. *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). The ALJ can also reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). A medical opinion provided by a claimant's treating physician may be entitled to controlling weight if the ALJ finds "that the treating source's medical opinion is 'well-supported' by 'medically acceptable' clinical and laboratory diagnostic techniques. The adjudicator

cannot decide a case in reliance on a medical opinion without some reasonable support for the opinion." SSR 96-2p.  Additionally, the ALJ must find that the treating source's opinion is "not inconsistent" with other "substantial evidence" of record.  *Id*.  Even if a medical opinion is not entitled to controlling weight, however, the opinion of a treating physician is entitled to substantial or considerable weight unless good cause exists for not heeding it.  *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir. 1985) (per curiam). The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source.  20 C.F.R. § 416.927(d).

After review of the record, it is found that the ALJ articulated his reasons for giving less weight to the opinions of Claimant's treating physician, Dr. Melieste, and that his reasons constitute good cause.  The ALJ based the decision on the evidence of record, including treatment notes of Dr. Melieste which the ALJ found "grossly contradicted" the psychiatrist's own opinion regarding her impairments. (Tr. 20-21.)  The ALJ specifically cited to examples of contradictions between the treatment notes of Dr. Melieste and the medical source statements he completed in October 2006 (Tr. 265-72), November 2006 (Tr. 317-19), and November 2007 (Tr. 334-41).  The ALJ's decision is further based on his finding that the symptoms and limitations as subjectively alleged by the Claimant

6

were credible only to the extent that Claimant could perform work as prescribed by the RFC finding. (*Id.* at 19.)

It should be noted here that the Regulations state that an ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. § 416.927(e)(1), (2)& (3); SSR 96-5p. In her brief, Claimant cited to an opinion rendered by the undersigned in *Brown v. Astrue,* No. 5:10-cv-49-MTT, 2011 WL 693055 *3 (M.D. Ga. Jan. 21, 2011), which she contends held that "an opinion from a treating source that addresses more than simply whether the claimant is disabled cannot be rejected as a decision reserved to the Commissioner." Although *Brown* dealt with the larger issue of whether the ALJ followed the remand order by the Appeals Council, to the extent that it is relevant in this case, Claimant is correct. However, the evidence in this case fails to establish that the ALJ's rejection of Dr. Meliste's opinions was "on the basis that such opinions are on an issue reserved to the Commissioner" as Claimant argues. As stated above, the ALJ based his decision regarding Claimant's credibility on the evidence as a whole.

As to the opinion of Dr. Hamby, the record shows that the state agency consultant found that Claimant's mood was essentially neutral, her affect was generally normal, she showed good attention and concentration, and her memory appeared adequate (Tr. 20, 238). Dr. Hamby found that Claimant: (1) could understand, remember, and carry out

simple instructions although her diminished memory would negatively affect this ability and her manic episodes would significantly compromise her ability; (2) could sustain attention and concentration to complete simple tasks although her ability would be diminished by her general depression and her manic episodes would cause some disruption; (3) could relate adequately to supervisors and co-workers although she reported some disruption in this ability due to her depression and reported social withdrawal; and (4) would be a moderate risk for psychiatric decompensation under stressful work conditions (Tr. 17, 20, 241). Thus, the ALJ credited those opinions and determined that Claimant could not engage in complex or stressful work. (Tr. 18.)

Claimant is correct in that the ALJ must articulate the weight given to a treating physician's opinion and must articulate any reasons for discounting the opinion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). In this case, the ALJ's findings establish that he discounted the medical opinion of Dr. Melieste and provided an analysis of that determination. It is further clear that the ALJ gave weight to the opinion of Dr. Hamby. Upon review of the entire record, the ALJ appears to have committed no error in weighing or discounting the opinion of Claimant's medical providers, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

## II. Whether the ALJ erred in analyzing Claimant's subjective allegations of pain.

The next issue for determination in this case is whether the ALJ erred in analyzing Claimant's subjective allegations of pain. Claimant contends first that the ALJ's finding

that "subjective complaints are not credible because they are incompatible with a pre-determined RFC . . . runs afoul of 20 C.F.R. § 404.1529(c)(4)." (Cl.'s Br. 16.) Claimant further argues that the ALJ improperly discounted her psychiatric limitations solely based on her admitted activities of daily living. (*Id.* at 17.)

> Regarding credibility, Social Security Regulation 96-7p reads:
>
> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Furthermore, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

Moreover, the mere existence of impairments does not establish disability; instead, the ALJ must determine how a claimant's impairments limit her ability to work. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

Regarding the "Pain Standard," the Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, she must *first*

9

show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotations and citations omitted).

Here, the ALJ specifically stated that he reviewed the entire record, ultimately concluding that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 19.) The ALJ found that Claimant's allegations of disabling pain were not consistent with her statements regarding her functional abilities. (*Id.*) The ALJ based these findings on the accounts of daily living as testified to by Claimant at the hearing where she was represented by a non-attorney representative, as well as the absence of medical findings that would corroborate her allegations regarding the intensity, duration, and limiting effects of her impairments. (*Id.*)

Claimant argues that the ALJ's finding that her "subjective complaints are not credible because they are incompatible with a pre-determined RFC found by the ALJ

runs afoul of [the Regulations]" is inaccurate at best.[2]  Applying the *Holt* "pain standard" test to this Claimant's pain allegations, it is found that the ALJ's determinations regarding Claimant's subjective allegations of pain were based on substantial evidence. As noted above, in order for her claims of pain to be deemed credible, *Holt* requires that objective medical evidence confirm the severity of the alleged pain arising from her condition or that the medical condition be of such severity that it is reasonably expected to give rise to the pain alleged. *Holt*, 921 F. 2d at 1223.  Considering the evidence, it is found that the ALJ sufficiently took into account the RFC determination he had made, as well as the location, duration, frequency and intensity of Claimant's pain and other symptoms and any other precipitating and aggravating factors when he assessed her credibility.  As such, the ALJ clearly articulated explicit and adequate reasons for discrediting Claimant's credibility regarding her subjective allegations of pain, and no error is found.

## CONCLUSION

WHEREFORE, it is the recommendation to the United States District Judge that the decision of the Commissioner be AFFIRMED for the foregoing reasons.  Pursuant to 28 U.S.C. § 636(b)(1), the Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

---

[2] In support of her argument, Claimant cites authority from other district and circuit courts. While persuasive, none of the law cited by Claimant is binding on this court.

SO RECOMMENDED, this, the 11th day of June, 2012.

                                  S/ STEPHEN HYLES
                                  UNTED STATES MAGISTRATE JUDGE